UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL ODEN,<br>        Plaintiff,<br><br>        v.<br><br>J. REED, et al.,<br>        Defendants. | Case No. 22-cv-06980 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against officers at the Correctional Training Facility ("CTF"). Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that Defendant Lt. J. Reed retaliated against him for filing a grievance against another prison guard, Officer Z. Brown, for wrongfully charging Plaintiff and several other inmates of "Theft of State Funds in excess of $400" in a Rules Violation Report ("RVR"). Dkt. No. 1 at 7. Plaintiff asserts that the other prisoners charged with him had been exonerated of all charges. *Id.* at 8. However, Plaintiff appeared before Defendant Lt. Reed for the RVR on March 15, 2022, and was found guilty of a lesser included charge. *Id.* Plaintiff claims Defendant Reed acted in retaliation for Plaintiff filing a grievance against Officer Brown, when she found him guilty. *Id.* Plaintiff claims Defendant Redd's actions had a chilling effect and did not advance any legitimate penological goals. *Id.* at 8-9. Plaintiff also claims that Defendant Sgt. J. Peffley, as part of the Prison Investigative Services Unit ("ISU"), "deliberately, knowingly, negligently, recklessly and unlawfully" prepared an Incident Report for the alleged Theft of State Funds which disclosed Plaintiff's personal identifying information to other inmates, in violation of state regulations. Dkt. No. 1 at 9-10. Plaintiff seeks declaratory and injunctive relief, as well as damages. Dkt. No. 1 at 10-12.

Liberally construed, Plaintiff states a cognizable retaliation claim against Defendant Reed for the adverse action (guilty finding) against Plaintiff because he engaged in protected conduct, and Defendant's actions had a chilling effect and did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th

2

Cir. 2005).

On the other hand, Plaintiff's separate claim against Defendant Peffley for the disclosure of private information, be it negligently or deliberately, in violation of state law does not state a cognizable claim under § 1983. With respect to supplemental jurisdiction, the Court finds the mandatory language of 28 U.S.C. § 1367(a) does not apply here, where the privacy claim is not so related to the retaliation claim, over which this Court has original jurisdiction, such that it could be said that they form part of the same case or controversy under Article III of the United States Constitution. *See Executive Software North America, Inc. v. United States District Court*, 24 F.3d 1545, 1555 (9th Cir. 1994). Nor does the Court find that pendent party jurisdiction is appropriate where the state privacy claim against Defendant Peffley is not part of the federal retaliation claim against Defendant Reed as they do not derive from a common nucleus of operative fact such that a plaintiff would ordinarily be expected to try them in one judicial proceeding. *See Trustees of the Constr. Indus. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). Accordingly, the privacy claim under state law against Defendant Peffley must be dismissed for failure to state a claim for relief.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The state privacy claim against Defendant J. Peffley is **DISMISSED** for failure to state a cognizable claim for relief. Plaintiff must pursue this claim in state court. The Clerk shall terminate Defendant Peffley from this action.

2. Defendant **Lt. J. Reed** shall be served at CTF.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments

3

thereto, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

4

warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

  4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

  Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

  5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

  6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

  9. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: _March 29, 2023_____

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

Order of Partial Dismissal and of Service
PRO-SE\BLF\CR.22\06980Oden_part.dism&svc